BALVOLL, Respondent, vs. PINNOW, Appellant.

*March 9—April 6, 1926.*

*Automobiles: Collisions at street intersections: Law of the road: Cutting corners: Proximate cause: Right of way: Special verdict: Misdescription of place of accident: Harmless error.*

1. The driver of an automobile who did not keep to the right of the center of a highway intersection when turning to his left onto a cross-street, is, under sub. (3), sec. 85.01, Stats., negligent as a matter of law. p. 537.

2. Findings of the ·jury that plaintiff, whose automobile collided with that driven by the defendant, failed to keep a proper lookout for defendant's car approaching from her left at the intersection, but that such failure was not a proximate cause of the accident, are *held* to be supported by the evidence. p. 538.

3. Under sub. (4), sec. 85.01, Stats., a driver who is on the proper side of the highway has the right of way over another approaching from the left at a street intersection. p. 538.

4. The error of the trial court in referring in the special verdict to an intersection different from the one at which the accident occurred is *held* not prejudicial, where the jury had a map before them showing the exact location of the accident and there is no reason to believe the jury was misled. p. 538.

APPEAL from a judgment of the county court of Walworth county: ROSCOE R. LUCE, Judge. *Affirmed.*

The plaintiff claimed damages for personal injuries and injuries to her· automobile occasioned by an automobile collision with defendant's car about 7 a. m. on December 8, 1924, on Walworth avenue, in the city of Delavan, Walworth county.

Walworth avenue, at the point of the collision, runs east and west. An unnamed street enters Walworth avenue from the northeast at an angle of about seventy-one degrees. At a point a few feet east of where the unnamed street enters Walworth avenue from the northeast, Vine street enters Walworth avenue from the south. Vine street and the unnamed street are practically continuations of each other

across Walworth avenue. Walworth avenue is a concrete paved street, eighteen feet wide, with dirt shoulders about three feet wide and a black line running through the center of the pavement. The unnamed street is an ordinary macadamized highway, but as it enters Walworth avenue it widens out to about eighty feet.

The plaintiff, in her Ford coupé, was driving east on Walworth avenue at the time in question. The avenue sloped to the east on a fifteen per cent. grade. She had her brakes applied and the power off, according to her testimony. Her right wheels were running on the dirt shoulder on the southerly side of the highway. At the same time the defendant was going southwest along the unnamed highway. He kept to his left-hand side of the highway, and turned south and east onto Walworth avenue. As he came up the unnamed highway he did not look to the west on Walworth avenue until he reached a point about fifteen feet from the cement paving, at which time his car was heading to the southeast, a distance of fifty feet from the point of intersection of Walworth avenue and the unnamed street. At this time the defendant claims to have looked to the west, but turned around and looked through the curtains of his machine, whereupon he discovered the plaintiff fifteen feet west. He continued on to the paved street, keeping to the north of the center line, and immediately came into collision with the plaintiff's car. Both cars were going at a slow rate of speed. The plaintiff claims to have looked to her right and to her left as she passed the unnamed street, but did not see the defendant. Other facts will be stated in the opinion.

The jury found (1) that defendant failed to keep a proper lookout for approaching cars as he approached the intersection of Vine street and Walworth avenue; (2) that such failure to keep a lookout was a proximate cause of the injury to the plaintiff and her car; (3) that the failure of

the defendant in turning his car to the left of the center of the intersection of Walworth avenue and Vine street, instead of to the right of such center, was a proximate cause of the injury; (4) that defendant did not use ordinary care in handling and running his automobile at the time in question, and this failure on his part was a proximate cause of the injury; (5) that the plaintiff failed to keep a proper lookout for approaching cars as she approached the intersection where the collision occurred, but such failure did not contribute to produce her injuries; and (6) that there was no want of ordinary care on the part of the plaintiff that contributed to her injuries.

Upon this verdict judgment was entered in favor of the plaintiff. Defendant appeals.

*Easton Johnson* of Whitewater, for the appellant.

For the respondent there was a brief by *E. L. von Suessmilch* and *C. J. Sumner,* both of Delavan, and oral argument by *Mr. Sumner.*

CROWNHART, J. The jury was clearly right in finding the defendant guilty of negligence in not keeping a proper lookout. As he approached Walworth avenue on the morning in question, he could look west up the avenue a distance of 180 feet from a point thirty feet north of the concrete. He neglected to look to the west on the avenue until he had approached within a few feet of the concrete and was headed southeast. At this point he says he looked and discovered the plaintiff within fifteen feet of him. He continued on to the concrete, turning to the left, and there the collision occurred. As to just how the collision happened, the testimony is in sharp conflict and presented a fair question for the jury. The defendant did not keep to the right of the center of the highway intersection when turning to the left on Walworth avenue. On the contrary, he was fifty feet east of the center of the intersection as he went onto the

concrete. This was negligence as a matter of law. Sub. (3), sec. 85.01, Stats.

It is claimed that the plaintiff was not entitled to recover on the ground that she failed to keep a proper lookout. The jury found that she failed to keep a proper lookout, but that such failure was not a proximate cause of the accident. This finding is clearly supported by the evidence. The plaintiff was on her proper side of the highway. She had the right of way over the defendant, approaching from her left. Sub. (4), sec. 85.01, Stats.

The plaintiff testified that the defendant's car struck her car from behind so that she did not see it. The jury evidently accepted her version of the facts, and considered that even if she had kept a proper lookout and had seen the defendant's car she would not have escaped the collision. The evidence would justify the jury in coming to this conclusion.

The defendant complains that the court, in submitting the special verdict, referred to the intersection of Walworth and Vine streets, instead of the intersection of the unnamed street and Walworth avenue. This was a mistake on the part of the court, no doubt, but we think the error was without prejudice to the defendant. The fact is that Vine street and the unnamed street really constitute one street, crossing Walworth avenue in a general north-and-south direction. The jury had a map before them showing the exact location of the streets at the point of the accident, and there is no reason to believe that the jury were in any wise misled by the form of the verdict. Further, it does not appear that any objection was taken to the form of the verdict at the time, and we think the objection now comes too late.

There are some other errors assigned by the appellant, but they are not deemed to be of sufficient importance to require special treatment. The case involves purely questions

of fact, and we think the jury found the facts according to the weight of the evidence.

*By the Court.*—The judgment of the county court is affirmed.